Filed 7/17/14  P. v. Stapleton CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E059314 |
| v. | (Super.Ct.No. RIF1203493) |
| AARON JOSEPH STAPLETON, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Jerry E. Johnson, Judge. (Retired judge of the Los Angeles Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed and remanded.

Paul E. Zellerbach, District Attorney, and Alan D. Tate, Deputy District Attorney, for the Plaintiff and Appellant.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Respondent.

1

The People appeal after the trial court exercised its discretion to dismiss a 1986 prior serious felony (strike) offense, and proceeded to sentence defendant and respondent, Aaron Joseph Stapleton, as a second striker on the current charges of failing to register as a sex offender within five days after moving, and failing to register upon release from custody. We reverse.

FACTS AND PROCEDURAL HISTORY

In 1994, defendant was convicted of the crime of committing a lewd act on a child under age 14, in violation of Penal Code section 288, subdivision (b). As a result of that conviction, defendant was required to register as a sex offender under Penal Code section 290.

In August 2012, the People filed a felony complaint alleging that, on or about April 6, 2012, defendant had violated the registration statute when he failed to register with the Riverside County Sheriff's Department within five days of moving into the county or changing his residence within the county. The complaint also alleged three prior prison term enhancements, and three prior strike convictions (1986 attempted burglary conviction, 1994 lewd act conviction, 1994 first degree burglary conviction).

In November 2012, defense counsel filed papers inviting the trial court to exercise its inherent discretion to dismiss one or more strike priors and other enhancements. Defendant's papers asserted the following narrative: "[Defendant] is required to register under Penal Code Section 290. A compliance check was conducted by the SAFE team. The SAFE team found that [defendant] was on a GPS device, and living at a sober living

residence which parole had directed him to. However, while he had made an appointment to register on March 8, 2012[,] he had not completed the registration process. At the time the investigation was conducted [defendant] was in custody for a parole violation based on his failure to register." Defense counsel also explained that both 1994 convictions arose out of a single incident: "According to the police reports[,] [defendant] entered an open house [and] saw a child sitting on a recliner. He closed the door, climbed on top of her and touched her breasts and vagina over her clothing. The recliner tipped, and the child ran out of the house. The two charges share a conviction date, and were part of a single commitment to state prison. It is clear these two counts arise out of one continuous course of conduct." Defense counsel asked, among other things, that the court treat them as a single strike.

The People opposed the defense request. The People indicated that defendant was living at a residence in San Jacinto when he was incarcerated for a parole violation in January 2012. He was released on March 6, 2012, and, upon his release, he was placed at a sober living facility in Perris, subject to GPS tracking. "Approximately one week after living at the facility, the house manager . . . provided the defendant bus fare to go to the Lake Elsinore station to register. The defendant left the sober living facility and returned later stating he had registered." Defendant assertedly told his parole agent that he had registered, but that he had lost the paperwork. Defendant's parole agent told him several times to register, but he failed to do so. Defendant telephoned the Lake Elsinore sheriff's station on March 8, 2012, to make a registration appointment. Defendant's appointment

3

was on March 14, 2012, but defendant failed to appear on that date. Defendant assertedly admitted to investigators that he had told his parole agent that he had registered when he had not. The People argued that the court's discretion to dismiss a strike prior was limited. The People argued that defendant did not fall outside the spirit of the Three Strikes law's harsher punishment scheme for recidivist offenders.

The defense withdrew its request to dismiss a strike before the court ruled on it.

After a preliminary hearing, defendant was held to answer on the charges. The information alleged the two charged offenses (failure to re-register within five days of changing his address within the county, and failure to register upon release from incarceration), as well as two prison term prior offenses, and two prior strike offenses. The two prison term priors and the two strike priors were based on the same two substantive offenses: a 1986 conviction for attempted first degree burglary, and a 1994 conviction for committing a lewd act on a child under age 14. A jury found defendant guilty of both charges and found all the enhancement and strike allegations to be true.

At sentencing, the defense renewed its request for the trial court to exercise its discretion to dismiss one or more of the strike priors. The court considered the papers and opposition that had been filed in 2012. The trial court granted the request, and dismissed the 1986 burglary strike as too remote in time. The court then proceeded to sentence defendant to eight years in prison: Three years (the aggravated term) on count 1, doubled as a second strike to six years, plus one year consecutive for each of the prison term priors. A three-year term on count 2 was to run concurrent with the term on count 1.

4

The People filed a timely notice of appeal from the order dismissing the 1986 strike prior.

## ANALYSIS

### I.  Standard of Review

In *People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497, the California Supreme Court held that a trial court's decision, under Penal Code section 1385, to dismiss or strike a sentencing allegation is discretionary, and is reviewable for abuse of that discretion.  (*Id*. at p. 531.)  In *People v. Carmony* (2004) 33 Cal.4th 367, the California Supreme Court held that the court's decision *not* to dismiss or strike a sentencing allegation is also subject to abuse-of-discretion review.  (*Id*. at pp. 374-375.)

"In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, '"[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review."'  [Citations.]  Second, a '"decision will not be reversed merely because reasonable people might disagree.  'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.'"' [Citations.]  Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it."  (*People v. Carmony*, *supra*, 33 Cal.4th 367, 376-377.)

## II.  The Trial Court Abused Its Discretion in Dismissing a Strike

The record of the sentencing hearing makes clear that, in this case, the trial court intended to sentence defendant to less than the maximum potential term of imprisonment. There was some suggestion in the colloquy that defendant wanted to be returned to prison, and that that desire accounted for some of his behavior. The court remarked that defendant "has some motive that I am not clear about. I don't think it is his mental illness. It is his planning and intent for not registering. He is not a stupid man. He knows what he was doing. He was told repeatedly what he was required to do, and he deliberately refused to do it. It is not that he forgot or accidentally mislaid his documents. He intentionally did not register, knowing the consequences, and I think anticipating the consequences. [¶] Something about that prevents me from giving him the maximum sentence because I think that's what he wants. I am trying to look at some way to come up with a . . . one strike allegation. I am not sure how I would do that." The court wanted to impose an eight-year prison term, and looked for some way to accomplish that result. The court stated, "I think it is intentional. I don't believe it is aberrant behavior. He planned on doing it. I am not going to give him his wishes and keep him in custody for the rest of his life. I think that is what he wants. I am not going to burden the taxpayers with that at this point. [¶] That's my approach. How I do that and make it stick with the [Department of Corrections] is another thing."

Defense counsel proffered the prospect of striking the 1986 prior as "incredibly remote," and suggested that "the current conduct is de minim[i]s." The prosecutor

6

disagreed with the proposition that the 1986 strike conviction was remote.  Defendant had spent much of the intervening time in and out of custody, and was in custody again within five years of the 1986 strike.  The court said, "I agree, Counsel.  I don't disagree.  That is where I am having difficulty in justifying striking one of the priors.  I don't know that I can do the 1986, strike that one.  [¶]  What about the second one, '94 was it?"

The prosecutor observed that defendant had "spent 17 years in custody, committed a crime while in prison on that, and that was what he got paroled for in 2011.  I don't think that is very remote."  Again, the court agreed:  "I don't either.  That is where I am having trouble doing what I would like to do.  Technically, I think the easiest way would be to strike the 1986 [prior]."

Despite having agreed with the prosecutor that the 1986 conviction was not too remote in time, the court nevertheless proceeded to make a finding that the 1986 conviction *was* remote, and struck it pursuant to Penal Code section 1385.  The court imposed the eight-year sentence, as it had intended, sentencing defendant as a second striker to a doubled aggravated term on count 1 (three years doubled to six) plus two one-year enhancements for the prison term prior offenses.

The Three Strikes law did not remove a sentencing court's discretion to dismiss a defendant's prior strike or strikes to achieve a punishment in the furtherance of justice.  (*People v. Superior Court (Romero)*, *supra*, 13 Cal.4th 497, 504.)  However, as the California Supreme Court stated in *People v. Williams* (1998) 17 Cal.4th 148, and *People*

7

*v. Carmony*, *supra*, 33 Cal.4th 367, the court's exercise of discretion is limited, and it is to be guided by particular factors.

In *People v. Williams, supra,* 17 Cal.4th 148 (*Williams*), the Supreme Court explained that a sentencing court's exercise of discretion to dismiss a prior strike should be guided by the following standard:  may the defendant, in light of his or her current crime, and his or her criminal history, background, character, and prospects, be deemed "outside the . . . spirit" of the Three Strikes law, in whole or in part, and, hence, be treated as though he or she had not suffered the prior strike conviction.  (*Id.* at p. 161.)  When the factors cited in *Williams*, *supra*, 17 Cal.4th 148 "manifestly support the striking of a prior conviction and no reasonable minds could differ[,] the failure to strike would constitute an abuse of discretion."  (*People v. Carmony, supra,* 33 Cal.4th 367, 376–378.)

Here, the relevant factors militate against dismissing a strike.  The current crime was not particularly heinous, but the offense was not a matter of mistake or excusable neglect.  Defendant knew he was required to register and deliberately chose not to comply.  Defendant's character, background and prospects were not promising, and failed to demonstrate that he fell outside the spirit of the Three Strikes law in any meaningful way.  No "extraordinary" circumstances existed to show that he should be treated differently from other career criminals.  (See *People v. Carmony*, *supra*, 33 Cal.4th 367, 378-379.)  Rather, he was a fairly typical revolving door criminal, and indeed he seemed intent on committing a new offense so he could return to custody.  Instead of finding defendant fell within the spirit and intent of the Three Strikes law, which plainly restricts

8

a trial court's sentencing discretion with respect to recidivist offenders, the trial court somewhat perversely found that defendant's deliberate desire to be a recidivist should take him outside the recidivist punishment scheme. This seems to be a case in which the trial court determined what punishment it wished to impose, and set about to rationalize that result, rather than considering the appropriate factors in determining whether to exercise its admittedly limited discretion to dismiss a strike prior.

Accordingly, we agree with the People that the trial court here abused its discretion in dismissing one of defendant's strike priors, which the court had earlier agreed was not remote, on the basis of its supposed remoteness. The order dismissing a strike should be reversed, and the matter remanded for resentencing.

## DISPOSITION

The trial court's order dismissing defendant's 1986 strike prior was an abuse of discretion. That ruling must be reversed and the sentence vacated. The matter is remanded for resentencing in accordance with this opinion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

KING
J.

MILLER
J.

9